# WALTON, et al. v FACON
## Case No. MC-91-1479-RB
County Court, Palm Beach County

March 11, 1991

## OPINION OF THE COURT

ELIZABETH T. MAASS, County Judge.

THIS CAUSE came before the Court for Final Hearing March 5, 1991, with Defendant and representatives of Plaintiffs present and all parties well represented by counsel. Based on the evidence presented the Court makes the following findings of fact and conclusions of law:

1. Plaintiffs, as landlord, and Defendant, as tenant, entered into a written month-to-month tenancy effective February 26, 1990 ("Lease"). The tenancy was subsidized by H.U.D.

2. Defendant's rent contribution was initially computed at $16.00 per month. In September Plaintiff discovered that Defendant had started receiving A.F.D.C. which was not reported on her HUD-50059 form, which Plaintiff uses to compute Defendant's required rent contribution.

3. For some reason not fully explained Plaintiff initially recomputed Defendant's rent at $76.00 per month, though it was later reduced to $63.00 per month.

4. On September 14, 1990, Defendant signed an agreement agreeing to pay back H.U.D. $354.00 in retroactive rent, computed since the beginning of the tenancy, at $59.00 per month. That agreement also stated that Defendant understood that her rent would go to full market rent if she missed a retroactive rent payment.

5. Defendant paid Plaintiff $76.00 rent and $59.00 retroactive rent in October, 1990, and $76.00 rent in November, 1990. She was entitled to a credit equal to the rent actually paid, $76.00, and the rent actually found to be due after recomputation, $63.00, or $26.00 for the two months.

6. Defendant failed to pay any rent thereafter. The Court finds that Defendant failed to prove that she tendered December, 1990, and January, 1991, rent.

7. On December 12, 1990, Plaintiff's manager wrote Defendant that her rent "automatically" had been placed at full market since Defendant failed to pay retroactive rent for December.

8. On December 14, 1990, Plaintiff's counsel wrote Defendant:

(y)ou did not make the payment due on December 1, 1990, therefore, under the terms of the agreement and your lease, your rent has now been placed at full monthly value of $615.00 per month. This rental increase will take place on January 1, 1991. Please govern yourself accordingly.

9. On January 10, 1991, Plaintiff's counsel mailed to Defendant a "ten day" letter, which was also hand delivered by Plaintiff's manager. That letter was captioned, in capital letters:

NOTICE—10 DAY NO RIGHT TO CURE TERMINATION OF RENTAL AGREEMENT The body of the letter stated that Defendant's Lease would be terminated as of January 21, 1991, based on Defendant's failure to pay rent. It stated that "(i)f legal action is initiated, you have a right to defend the action in Court." Finally, it gave Defendant 10 days to discuss the proposed termination with Plaintiff.

10. On or about January 22, 1991, Plaintiff's manager delivered a

statutory three day notice to Defendant. Plaintiff's counsel mailed Defendant a copy of the same notice January 21, 1991. That notice gave Defendant until January 25, 1991, to pay $674.00 in back rent or vacate. This action ensued when Defendant did neither.

11. Plaintiff's representatives were unable to explain how the $674.00 was computed. It appears to the Court that the $674.00 was the sum of the December, 1990, retroactive rent ($59.00) and the January, 1991, full market rent ($615.00).

12. Paragraph 18 of the Lease obligated Defendant to repay Plaintiff for the underpaid rent. The parties' letter agreement represents their agreement about how that would occur.

13. Paragraph 17 of the Lease sets forth the conditions under which Defendant's assistance could be terminated. The Court finds that Plaintiff failed to prove that Defendant deliberately submitted false information, or that H.U.D. approved the termination. Consequently, paragraph 17 of the Lease did not authorize termination of assistance to Defendant.

14. Plaintiff argues that the last sentence of the September 14, 1990, letter agreement amended the Lease so as to permit Plaintiff to terminate assistance if Defendant failed to make a retroactive rent payment. Even if that provision could be modified, paragraph 17b of the Lease still required that Plaintiff notify Defendant that she had ten days to request a meeting with Plaintiff to discuss the proposed termination of assistance. Plaintiff failed to do so. Consequently, Plaintiff impermissively raised Defendant's rent to $615.00. Therefore, Plaintiff's statutory three day notice failed to recite the correct amount of rent owed.

15. Paragraph 23b of the Lease governs its termination. Plaintiff had the right to terminate the Lease when Defendant failed to pay rent for December, 1990. To terminate the Lease Plaintiff was required to advise Defendant that if she remained in possession Plaintiff could seek to enforce the termination only by judicial action. 24 C.F.R. Section 247.4(a). Instead, Plaintiff's notice stated "(i)f legal action is initiated, you have a right to defend the action in Court." The Court finds that Plaintiff's notice failed to advise Defendant that Plaintiff could enforce its position exclusively through legal action. Consequently, that notice was defective. *See W. H. Walton, Jr., et al. v Manning,* Case No. MC-90-21452-RF (P.B. County 1991).

16. Plaintiff attempted to raise Defendant's rent to full market without complying with Paragraph 17b of the Lease. Plaintiff failed to advise Defendant that Plaintiff could seek possession only by judicial

action. Plaintiff's three day notice recited an incorrect amount of rent due. Finally, Plaintiff's ten day notice, by stating it was without a right to cure, deprived Defendant of her opportunity to discuss the proposed termination with Plaintiff.

Based on the foregoing, it is

ORDERED AND ADJUDGED that Plaintiff shall take nothing by this action and Defendant shall go hence without day. It is further

ORDERED AND ADJUDGED that all monies held in the Court Registry, less the Clerk's service charge, shall be disbursed to Plaintiff forthwith.

DONE AND ORDERED in West Palm Beach, Palm Beach County, Florida, this 11th day of March, 1991.